**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CASE NO. 05-85627** |
| | ) | |
| **RELIABLE AIR, INC. d/b/a** | ) | **Chapter 11** |
| **RELIABLE HEATING AND AIR,** | ) | |
| | ) | **JUDGE MASSEY** |
| Debtor. | ) | |

**DEBTOR'S MOTION TO COMPEL TESTIMONY AND**
**PRODUCTION OF DOCUMENTS**

COMES NOW Reliable Air, Inc. d/b/a Reliable Heating and Air, Debtor and Debtor-in-

Possession in the above-referenced Chapter 11 case ("Debtor"), by and through its undersigned

counsel, and files this Motion to Compel Testimony and Production of Documents (the "Motion").

In support of its Motion, the Debtor shows the Court as follows:

1.

On November 22, 2005, Debtor filed a voluntary petition for relief under Chapter 11 of the

Bankruptcy Code. The Debtor has continued in possession of its property and has continued to

operate and manage its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of

the Bankruptcy Code.

2.

On October 12, 2006, Daniel L. Jape ("Mr. Jape") filed a motion to dismiss this Chapter 11

case (the "Jape Motion").  In the Jape Motion, Mr. Jape denies that a meeting took place on July 8,

2004 in which a third director of the Debtor was elected to the Debtor's Board of Directors and

alleges that even if such meeting did take place, Mr. Jape was "under the influence of drugs and did

not have the capacity to vote at that time" See Motion to Dismiss § 2.3.  Mr. Jape has put the

existence of the meeting, the circumstances surrounding the election of a third director  as well as his capacity at issue squarely before this Court.

3.

On July 8, 2004, Mr. Jape, Barbara Jape ("Ms. Jape"), and Dean Edleman ("Mr. Edleman") participated in a mediation (the "Mediation") conducted by Robert Leitch ("Mr. Leitch").  During 2003 and 2004, Mr. Jape and Ms. Jape became engaged in numerous disagreements regarding necessary corporate decisions.  This situation rendered it impossible for the Board of Directors, of which Mr. Jape and Ms. Jape were the only members, to make any decisions regarding the Debtor corporation.   In an effort to facilitate communication between Mr. Jape and Ms. Jape and allow them to make necessary decisions regarding the future of the Debtor corporation, Mr. Edleman suggested that they meet with a mediator and address the underlying problems.  Mr. Jape and Ms. Jape both agreed to voluntarily meet with a mediator.  The parties met with Mr. Leitch on July 8, 2004 and during this Mediation, Mr. Jape and Ms. Jape decided that a third director was necessary in order to facilitate any decisions by the Board of Directors.  The necessary corporate formalities were followed  and Mr. Edleman was elected to the Board of Directors as a third director in the presence of Mr. Leitch.

4.

The Jape Motion challenges the validity of the Mediation in which Mr. Edleman was elected as a director.  Additionally, Mr. Jape alleges that he was under the influence of methamphetamines, was only conscious intermittently during the Mediation, and therefore, lacked the capacity necessary to participate in such an election.

5.

The Debtor contacted Mr. Leitch to obtain testimony and all relevant documents which

pertain to the issues raised by the Jape Motion.  Mr. Leitch indicated that, because of confidentiality concerns, he was unable to disclose information pertaining to the Mediation or provide any related documentation without (1) the consent of Mr. Jape and Ms. Jape, or (2) an order from the Court directing his testimony and the production of documents.

6.

Ms. Jape has provided her consent to allow Mr. Leitch to testify regarding the election of a third director of the Debtor and regarding Mr. Jape's capacity at such meeting.  Furthermore, she has agreed to allow Mr. Leitch to produce any and all  relevant documents, to the extent that such documents exist.

7.

On January 2, 2007, the Debtor requested by letter to counsel for Mr. Jape that Mr. Jape also consent to allowing Mr. Leitch to testify and provide any and all  documents relevant to the Jape Motion.  A copy of such letter is attached hereto as Exhibit A.  Since time is of the essence, the Debtor requested that Mr. Jape respond to the request no later than the close of business on Thursday, January 4, 2007.

8.

On January 5, 2007, counsel for the Debtor received a letter from counsel for Mr. Jape in which Mr. Jape refused his consent to allow Mr. Leitch to testify and provide any and all relevant documentation.  In fact, the letter indicates that Mr. Jape will oppose any attempt by the Debtor to compel such testimony.  A copy of the January 5, 2007 letter from Louis G. McBryan is attached hereto as Exhibit B.

9.

The Debtor is entitled to examine those parties present at the Mediation with respect to issues

regarding the election of a third director and regarding Mr. Jape's capacity at the time of the

Mediation.

10.

The Debtor intends to  issue a subpoena decus tecum requiring Mr. Leitch to appear for an

oral examination, provide copies of all documents related to the Jape Motion and to appear at the

hearing to consider the Jape Motion.  However, Mr. Leitch has indicated that he would only provide

such testimony and records if directed to do so by order of the Court.  The Debtor hereby requests

that this Court enter an order compelling Mr. Leitch to provide his testimony regarding the issues

raised in the Jape Motion pursuant to examination by the Debtor, and at the evidentiary hearing

scheduled for January 29, 2007 on the Jape Motion.  Furthermore, the Debtor requests that Mr.

Leitch be compelled to provide any and all documents relevant to the Jape Motion.

WHEREFORE, the Debtor respectfully requests that this Court grant this Motion and grant

such other and further relief as the Court deems just and proper.

This ___5th___ day of January, 2007.

Respectfully submitted,

SCROGGINS & WILLIAMSON

_____/s/   Ashley R. Ray_____
J. ROBERT WILLIAMSON
1500 Candler Building                    Georgia Bar No. 765214
127 Peachtree Street, NE                 ASHLEY REYNOLDS RAY
Atlanta, GA 30303                        Georgia Bar No. 601559
(404) 893-3880                           Counsel for the Debtor

LAW OFFICES

## SCROGGINS & WILLIAMSON

1500 CANDLER BUILDING

127 PEACHTREE STREET, N.E.

ATLANTA, GEORGIA 30303

(404) 893-3880 - TELEPHONE
(404) 893-3886 - FACSIMILE

J. ROBERT WILLIAMSON, P.C.

_____

ASHLEY REYNOLDS RAY

OF COUNSEL:
JOHN T. SANDERS, IV

RETIRED:
FRANK W. SCROGGINS, P.C.

January 2, 2007

**VIA E-MAIL AND FACSIMILE**

Louis G. McBryan
Macey Wilensky Cohen Wittner & Kessler
Suite 600 Marquis Two Tower
285 Peachtree Center Avenue NE
Atlanta, Georgia 30303-1229

> Re:    *In re Reliable Air, Inc.*, Chapter 11 Case No. 05-85627-jem
> United States Bankruptcy Court, N. District of GA, Atlanta Div.

Dear Lou:

As you know, the Court has scheduled a hearing on January 29, 2007 to consider the Motion to Dismiss which was filed by Mr. Jape. In the Motion to Dismiss, Mr. Jape raises issues concerning the circumstances surrounding the election of a third director as well as Mr. Jape's capacity to participate in such meeting. Since Mr. Jape has placed these issues squarely before the Court, Reliable Air, Inc., (the "Debtor") has contacted Mr. Robert Leitch, the mediator at that meeting, to obtain a statement regarding Mr. Jape's allegations. Mr. Leitch has indicated that he is unable to disclose information pertaining to the meeting without consent of both Mr. and Mrs. Jape or a court order directing him to do so.

Before seeking an order from Judge Massey, we request that Mr. Jape consent to Mr. Leitch providing any and all relevant information and/or documents to the Debtor. In light of the scheduled hearing, please advise in writing if Mr. Jape will consent to such request as soon as possible, but no later than Thursday, January 4, 2007. If we have not received a response from you by the close of business on January 4, 2007, we will assume that Mr. Jape will not consent to this request and we will take the necessary steps to obtain an order from the Court.

I look forward to hearing from you shortly.

Very truly yours,

*Ashley R. Ray*

Ashley Reynolds Ray

**EXHIBIT "A"**

# M W  MACEY·WILENSKY·KESSLER·HOWICK & WESTFALL, LLP

SUITE 600, MARQUIS TWO TOWER
285 PEACHTREE CENTER AVENUE NE, ATLANTA, GA 30303-1229
TELEPHONE: (404) 584-1200  FACSIMILE: (404) 681-4355

MORRIS W. MACEY
FRANK B. WILENSKY
RICHARD P. KESSLER, JR.
SUSAN L. HOWICK
M. TODD WESTFALL
ROBERT A. WINTER
RACHEL A. SNIDER
TODD E. HENNINGS
LOUIS G. MCBRYAN
MICHAEL C. KAPLAN

WILLIAM A. ROUNTREE
DAVID R. DOLINSKY
JONATHAN P. ROTENBERG
STEPHEN M. MAURILLO
HAL J. LEITMAN
VIRGINIA B. BOGUE
CHRISTOPHER S. COOPER

January 5, 2007

*Via Hand Delivery*
Ashley Reynolds Ray, Esq.
Scroggins & Williamson
1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303

Re:    Reliable Air, Inc., Bankruptcy Case No. 05-85627-JEM

Dear Ashley:

We received your correspondence dated January 2, 2007 regarding the above referenced matter and the current Motion to Dismiss. With regard to your correspondence and your contact with Mr. Robert Leitch, please be advised that our client's position remains that a mediation took place for purposes of divorce. We oppose any attempt by you to compel Mr. Leitch to testify regarding the mediation.

We disagree the mediation was brought in as an issue in the Motion to Dismiss. The Motion to Dismiss relates to an unauthorized and illegal election of a director. The mediation is not subject to the Motion.

Sincerely,

Louis G. McBryan

nds
Copy: Mr. Daniel Jape

**EXHIBIT "B"**

325673-1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **DEBTOR'S**

**MOTION TO COMPEL TESTIMONY AND PRODUCTION OF DOCUMENTS**, by causing

it to be deposited in the United States Mail in an envelope with adequate postage affixed thereto to

assure delivery, addressed as follows:

Robert N. Leitch
Arbitration Mediation & Training
201 Winnona Drive
Decatur, GA 30030-3855

Louis G. McBryan
Macey Wilensky Cohen Wittner & Kessler, LLP
285 Peachtree Center Ave., NE
Suite 600
Atlanta, GA 30303

Office of the United States Trustee
362 Richard Russell Federal Building
75 Spring Street, S. W.
Atlanta, Georgia 30303

This ___5th___ day of January, 2007.

Respectfully submitted,

SCROGGINS & WILLIAMSON

_____/s/   Ashley R. Ray_____
J. ROBERT WILLIAMSON
1500 Candler Building                        Georgia Bar No. 765214
127 Peachtree Street, NE                    ASHLEY REYNOLDS RAY
Atlanta, GA 30303                            Georgia Bar No. 601559
(404) 893-3880                                Counsel for the Debtor